IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KENNETH PARRISH,

Plaintiff,

OPINION AND ORDER

12-cv-750-bbc

v.

DEBORAH McCULLOCH and
WILLIAM PARKER,

Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Pro se plaintiff Kenneth Parrish, who is confined at the Sand Ridge Secure Treatment Center, is proceeding on a claim that defendants Deborah McCulloch and William Parker violated his right of access to the courts by interfering with his appeal to the Court of Appeals for the Seventh Circuit. Both sets of parties filed motions for summary judgment, but I have already denied plaintiff's motion, dkt. #24, because he failed to follow this court's rules, Procedure to Be Followed on Motions for Summary Judgment. Defendants' motion, dkt. #15, has been briefed and is ready for review.

At the outset, I note that plaintiff filed a motion that can be construes as a request to strike the amended affidavit of defendant Parker, dkt. #27, on the ground that the amended affidavit differs significantly from the original with respect to the sixth paragraph. A review of the two affidavits shows that the only difference between the two paragraphs is that the amended affidavit leaves out a statement by Parker that he was unsure whether

plaintiff or another individual notified him of plaintiff's complaint. Dkts. ##17, 23. Because this amendment has no effect on defendants' motion for summary judgment, I will deny plaintiff's motion.

Second, I note that plaintiff's response brief contains a section entitled "Proposed Findings of Fact," but he does not recite individually numbered findings of fact with citations to evidence or respond to defendants' proposed findings of fact, as required by this court's rules. Rather, the section is primarily legal argument. He includes a few factual statements but they are not supported by citations to evidence in the record. He also alleges that defendants "fabricated evidence" in this case, but he does not support this allegation with any evidence or explain how the alleged fabrication affects his case.

Because plaintiff has failed to properly dispute defendants' proposed findings of fact, I must treat them as undisputed. Wienco, Inc. v. Katahn Associates, Inc., 965 F.2d 565, 568 (7th Cir. 1992); Procedure to Be Followed on Motions for Summary Judgment, at II.C ("Unless the responding party puts into dispute a fact proposed by the moving party, the court will conclude that the fact is undisputed."). From these undisputed facts, I conclude that defendants are entitled to summary judgment.

From defendants' proposed findings of fact and the record, I find the following facts to be undisputed.

## UNDISPUTED FACTS

### A. The Parties

Plaintiff Kenneth Parrish is confined at the Sand Ridge Secure Treatment Center pursuant to a civil commitment. Defendant Deborah McCulloch is the institution superintendent at Sand Ridge. Defendant William Parker was a supervising officer at Sand Ridge during the relevant time period. (He has since retired.) Although both defendants have supervisory authority, neither was directly or personally involved in decisions made in the mailroom about patient mail and neither knew about the mailroom incident described below until after the mail had been sent.

### B. Plaintiff's Habeas Corpus Petition

After serving a sentence for sexual assault, plaintiff was civilly committed to the Sand Ridge Secure Treatment Center on the ground that he had a diagnosis of borderline personality disorder and antisocial personality disorder. Later, plaintiff's psychiatrist eliminated borderline personality disorder from his diagnosis, leaving only antisocial personality disorder. After that diagnostic change was made, plaintiff filed a petition for a writ of habeas corpus in the District Court for the Eastern District of Wisconsin, contending that he could not be subject to commitment unless he had diagnoses of at least two psychological problems. The court held that plaintiff had not met his burden of proof but because it believed that the case law on this question was unclear, it certified his appeal to the Court of Appeals for the Seventh Circuit. Parrish v. McCulloch, No. 11-C-419 (E.D.

Wis. Dec. 7, 2011). Plaintiff's notice of appeal was due January 6, 2012.

C. Mailroom Incident

On January 3, 2012, plaintiff was paid $15.00, creating a balance of $15.17 in his institution trust account. On that day, he also made a disbursement request for the mailing of a letter at a cost of $0.44. The next day, January 4, plaintiff filed a disbursement request for the postage for his notice of appeal and dropped off the mailing. He asked the mailroom to determine the amount of postage required for "priority mail," but he did not mark the request as "urgent" or otherwise indicate that the letter should be mailed promptly. (His notice of appeal deadline was January 6.) On the same day, he went to the canteen and placed an order for $10.34.

The disbursement request for the canteen and for mailing the letter on January 3 were processed first, leaving his trust account balance at $4.39. His notice of appeal required $4.95 worth of postage. Because plaintiff did not have adequate funds for postage, the mailroom held the notice of appeal until January 23, 2012, when the balance in plaintiff's account was sufficient to cover the mailing costs. (Plaintiff disputes this fact because he says that January 23 was not a payday on the payroll calendar, but his account statement indicates that the credit he received on January 23 was a "correction," presumably for a previous payday.) During this delay, no one at Sand Ridge notified plaintiff that his mail had not been sent. Plaintiff did not check up on whether his mail had been sent.

As a result of the delay, plaintiff's notice of appeal of his petition for habeas corpus

was filed late in the District Court for the Eastern District of Wisconsin. The district court denied plaintiff's motion for an extension of time to file the notice of appeal because he failed to make a coherent argument about his delay. Parrish v. McCulloch, No. 11-C-419 (E.D. Wis. February 8, 2012). Plaintiff appealed this decision to the Court of Appeals for the Seventh Circuit, arguing that his notice of appeal was timely under the mailbox rule, which considers timely any mail deposited in the prison legal system by the deadline, so long as "first-class postage has been prepaid." Fed. R. App. P. 4(c)(1). Defendant McCulloch wrote the court of appeals, explaining that plaintiff's notice of appeal had been held in the mailroom because he had insufficient funds for postage. On September 26, 2012, the court of appeals dismissed plaintiff's appeal as untimely. Parrish v. McCulloch, 481 F. App'x 254, 255 (7th Cir. 2012). It held that because plaintiff deposited his notice of appeal for mailing without a stamp and without sufficient funds or a request for a loan, the mailbox rule did not apply and plaintiff's notice of appeal was untimely.

Plaintiff filed two grievances at Sand Ridge about the incident. Upon review of those complaints, Sand Ridge adopted a policy of notifying patients when their mail is held for lack of postage.

D. Sand Ridge Policies and Procedures

When a patient wants something mailed at Sand Ridge, he must take the item to the mailroom and attach either the necessary postage or a disbursement request from his trust account for the amount of postage. If a patient has insufficient funds for sending legal mail,

he may request a legal loan to cover the costs. In this instance, plaintiff did not request a legal loan. Patients receive account statements every Saturday and may request information on their account balance at any time (though the balance is updated only on Tuesdays and Wednesdays). Although plaintiff had information about his account, he took no action on the disbursement request for his mailing.

## OPINION

Confined or detained persons have a constitutional right to "meaningful access to the courts" to pursue post conviction remedies and to challenge the conditions of their confinement. Bounds v. Smith, 430 U.S. 817, 821-22 (1977); Lehn v. Holmes, 364 F.3d 862, 865-66 (7th Cir. 2004). Plaintiff must prove that defendants' interference caused an "actual injury," which means that it must have caused plaintiff to lose a meritorious claim or the chance to seek particular relief. Lewis v. Casey, 518 U.S. 343, 346-348 (1996); Christopher v. Harbury, 536 U.S. 403, 414 (2002); Marshall v. Knight, 445 F.3d 965, 968 (7th Cir. 2006). The named defendants must have been personally responsible for the constitutional violation; a plaintiff cannot rely on supervisory or respondeat superior liability to make out a constitutional claim. Morfin v. City of East Chicago, 349 F.3d 989, 1001 (7th Cir. 2003). Furthermore, plaintiff must show that defendants were not simply negligent when they interfered with his rights. Harrell v. Cook, 169 F.3d 428, 432 (7th Cir. 1999) ("It is well established that negligent conduct by a government official is insufficient to support a claim under § 1983.").

Plaintiff argues that because his appeal was denied as a result of its delay in Sand Ridge's mailroom, he suffered an actual injury as a result of the employees' deliberate actions to deny him access to the courts. Defendants argue that summary judgment should be granted in their favor for four reasons: (1) defendants were not personally responsible for the alleged interference with plaintiff's legal mail; (2) those who were responsible were merely negligent in handling plaintiff's mail; (3) plaintiff's claim is barred by Heck v. Humphrey, 512 U.S. 477 (1994); and (4) in any case, defendants have qualified immunity for their actions. Because I conclude that defendants are correct as to the first and second arguments, I need not consider the other two.

Defendants say that although they had supervisory responsibilities at Sand Ridge, neither one of them was personally responsible for the handling of patients' mail, so they cannot be liable under § 1983. Morfin, 349 F.3d at 1001 ("[Police chief] cannot be liable for any constitutional violations committed by his officers simply by virtue of his supervisory role."); Hendrix v. Evans, 972 F.2d 351 (7th Cir. 1992). Although defendants supervised mailroom employees and defendant Parker had specific responsibility for security in the mailroom, they say they were unaware of the situation involving plaintiff's mail until after the mail had been sent and they did not condone the decision on how to handle plaintiff's mail. Palmer v. Marion County, 327 F.3d 588, 594 (7th Cir. 2003) (plaintiff must show that supervisor had knowledge of unconstitutional act or of risk that act will occur); Morfin, 349 F.3d at 1006 n.16 (even if supervisor knew of violation, plaintiff must show that she condoned it or failed to prevent it).

Furthermore, defendants say that to be liable under § 1983, they must have intended that plaintiff would suffer a constitutional injury and that they did not have this intention. Snyder v. Nolen, 380 F.3d 279, 291 (7th Cir. 2004) ("an allegation of simple negligence will not support a claim that an official has denied an individual of access to the courts"); cf. Gregory v. Nunn, 895 F.2d 413, 415 (7th Cir. 1990)(acknowledging that plaintiff must plead that defendants' actions were intentional in order to make out access-to-courts claim). As evidence, they note that when Sand Ridge staff members became aware of plaintiff's situation, defendant McCulloch sent a letter to the court of appeals explaining what had happened and acknowledging that plaintiff did not have the opportunity to remedy his situation because it was not communicated to him. Moreover, Sand Ridge adopted a policy of communicating with patients about their postage after plaintiff's incident in order to prevent a similar incident from happening again.

Although plaintiff's arguments are difficult to follow, he seems to argue three things: (1) defendant Parker is responsible because he supervised the mailroom; (2) defendant McCulloch can be held responsible because she drafted a letter to the court of appeals about the mailroom incident; and (3) both defendants allowed the practice of delaying mail for lack of postage to occur, so they had personal responsibility and intent. I will consider these arguments in turn.

First, it is well settled that supervision alone is insufficient by itself to establish liability under § 1983, Morfin, 349 F.3d at 1001, and plaintiff has not alleged that either defendant condoned or facilitated the decision to hold his mail. Palmer, 327 F.3d at 594

("Although direct participation is not necessary, there must at least be a showing that the Sheriff acquiesced in some demonstrable way in the alleged constitutional violation.").

Second, McCulloch's letter to the court explaining the reasons for the delay in plaintiff's notice of appeal does not mean that she conceded she was personally responsible for the delay in the mail room. She may write letters on behalf of Sand Ridge without conceding or implying her own liability.

Plaintiff's third argument warrants more discussion. If I understand it correctly, plaintiff is arguing that defendants can be held liable for the practice of allowing the mail to be retained until the prisoner has sufficient funds in his account to pay the postage. In support of this argument, he cites Gramegna v. Johnson, 846 F.2d 675, 677 (11th Cir. 1988), a case in which the Court of Appeals for the Eleventh Circuit held that the policy of allowing prisoner mail to accumulate before it was delivered to prisoners was unconstitutional. Such a practice caused a delay in the receipt of legal mail, resulting in the prisoners' loss of access to the courts. In that case, the court seemed to say that responsibility and intent could be inferred from the practice of deliberately delaying mail alone.

However, Gramegna does not help plaintiff. That case does not stand for the proposition that either McCullough or Parker can be sued in this case. In fact, the Eleventh Circuit dismissed Gramegna's suit against the warden he had no role in the delay of the mail. In addition, it is not clear that the Court of Appeals for the Seventh Circuit would agree with the suggestion in Gramegana that the individual in the mail room responsible for the

processing of mail could be held responsible for the plaintiff's failure to receive notice of an adverse decision in his case. In Gregory, 895 F.2d at 415 n.2, the court acknowledged that "there may be a distinction between an intentional act by prison officials to impede a prisoner's access to the courts and an intentional act that results in an impediment to court access"). See also Crawford-El v. Britton, 951 F.2d 1314, 1319 (D.C. Cir. 1991) ("Accordingly, to withstand Britton's motion to dismiss, Crawford–El must have made specific nonconclusory allegations showing that Britton knew his property contained legal materials relating to pending cases and that she diverted his property *with the intention of interfering with his litigation* . . . [Otherwise,] a prisoner could easily transform almost any negligent delay in the transfer of his property (which would not otherwise violate the Constitution . . . ) into a constitutional tort if the property contained active litigation papers.") (internal citation omitted) (emphasis added).

In any event, plaintiff has not properly alleged or shown that defendants condoned or allowed a practice of holding legal mail. Defendants have not proposed findings of facts on this subject, except to describe the policy they adopted after plaintiff's incident, and plaintiff did not allege any facts implying that the holding of legal mail was a policy, much less adduce any evidence to support the allegation. Moreover, he did not adduce any evidence to show that the deliberate retention of mail happened to anyone else at Sand Ridge or that defendants were aware of the supposed practice. Without these facts, plaintiff cannot prevail on his argument. He has not shown that a reasonable jury could conclude that defendants were personally responsible for his injury or that they intended to cause him

harm. Accordingly, defendants are entitled to summary judgment.

Plaintiff brings up a number of other issues in his brief in response to defendant's motion for summary judgment, including sections he titles "malicious prosecution claim," "conspiracy claim," "freedom of expression," and "equal protection of the law." Plaintiff may be attempting to add new claims against defendants. If so, he will be denied the opportunity because it is far too late in the course of litigation for plaintiff to amend his complaint to add new claims. Shanahan v. City of Chicago, 82 F.3d 776, 781 (7th Cir. 1996) ("A plaintiff may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment."). Denil v. deBoer, Inc., 748 F. Supp. 2d 967, 976 (W.D. Wis. 2010), aff'd, 650 F.3d 635 (7th Cir. 2011) ("[D]istrict courts may reject claims raised for the first time at summary judgment and consider only those claims for which the defendants had proper notice.").

ORDER

IT IS ORDERED that

1. The motion for summary judgment filed by defendants Deborah McCulloch and William Parker, dkt. #15, is GRANTED.

2. Plaintiff Kenneth Parrish's motion to strike defendant Parker's affidavit, dkt. #27, is DENIED.

The clerk of court is directed to enter judgment in favor of defendants and close this case.

Entered this 17th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge